**Jason V. ROBERTSON and Beatrice Amankwa Sakyi, Plaintiffs,**

v.

**ATTORNEY GENERAL of the UNITED STATES and District Director, Immigration and Naturalization Service, Chicago, Illinois, Defendants.**

**No. 96 C 4661.**

United States District Court, N.D. Illinois, Eastern Division.

March 17, 1997.

Fred Amoakohene, Chicago, IL, for Plaintiffs.

James G. Hoofnagle, Jr., Special Assistant U.S. Attorney, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiffs, Jason Robertson and Beatrice Amankwa Sakyi, are a married couple who filed suit seeking a declaratory judgment that the defendants' failure to adjudicate their Petition to Remove Conditions on Residence is a statutory and regulatory violation. Ms. Sakyi, a native of Ghana, married Mr. Robertson, a U.S. citizen, in July, 1993. Upon their application, Ms. Sakyi was granted the immigration status of a conditional permanent resident. Pursuant to 8 U.S.C. § 1186a(c) (1994), Mr. Robertson and Ms. Sakyi filed a joint petition seeking to have her conditional status as a permanent resident removed. As part of this process, they were interviewed by an Immigration and Naturalization Service (INS) officer on February 12, 1996. Based on that interview, the INS officer referred the case in June, 1996 for a marriage fraud investigation. That investigation currently is pending, and no decision has been reached on the petition for removal of conditional status. Under Section 1186a(c)(3)(A) and 8 C.F.R. § 216.4 (1996), the Attorney General is required to make a decision within 90 days on a petition for removal of conditional status. The attorney general has not done so with respect to Mr. Robertson and Ms. Sakyi's petition, and that delay has prompted them to seek this Court's assistance. They request that the Court issue a declaratory judgment stating that the defendants have abdicated their responsibility and violated this statute and regulation. The defendants have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) or in the alternative to grant summary judgment. For the following reasons, the complaint is dismissed.

In this case, Mr. Robertson and Ms. Sakyi seek declaratory relief pursuant to 28 U.S.C. § 2201. The Declaratory Judgment Act itself, however, does not confer subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 878–79, 94 L.Ed. 1194 (1950). Rather, the Court must have some independent basis upon which it may exercise its jurisdiction. The plaintiffs contend that the independent basis for jurisdiction may be found in the Mandamus Act, 28 U.S.C. § 1361 (1994). That statute provides that:

[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employ-

ee of the United States or any agency thereof to perform a duty owed to the plaintiff.

The issue of jurisdiction under this statute is "unavoidably bound up with the merits" of the action "because mandamus jurisdiction depends on the same asserted duty on the part of a government official that justifies relief. . . ." *Vishnevsky v. United States,* 581 F.2d 1249, 1253 n. 4 (7th Cir.1978). For the plaintiffs to receive mandamus relief, they must have a clear right "to demand the performance by the defendant of a plainly defined, peremptory, and ministerial duty, and the lack of an adequate remedy other than mandamus." *Id.* at 1253.

The nature of the specific duty dictates what relief is available to Mr. Robertson and Ms. Sakyi. If the duty is mandatory, then they would have the right to compel the agency to act, and jurisdiction would lie in this Court. *Milwaukee County, Wis. v. Donovan,* 771 F.2d 983, 986 n. 2 (7th Cir.1985). If, on the other hand, the duty is merely directory, they would lack any right to compel action, and jurisdiction may not be founded on Section 1361. *Id.*

■ The characterization of a duty as mandatory or directory turns on several considerations. First, if Congress has failed to specify some sort of penalty or sanction for an agency's failure to comply with a deadline, that deadline is deemed to be directory and not mandatory. *See Brock v. Pierce County,* 476 U.S. 253, 260–62, 106 S.Ct. 1834, 1839–40, 90 L.Ed.2d 248 (1986); *Gottlieb v. Pena,* 41 F.3d 730, 733 (D.C.Cir.1994). In addition, the legislative history and the purpose of the statute are relevant to this characterization. If the legislative history of the statute provides no indication that Congress believed compliance with the duty at issue to be essential to the effective operation of the statute, the duty will be deemed directory. *See Brock,* 476 U.S. at 262–65, 106 S.Ct. at 1840–42; *Gottlieb,* 41 F.3d at 734–36.

■ In the instant case, both of these considerations lead the Court to conclude that the 90 day time limit is directory. Neither the statute nor its implementing regulation make any mention of a penalty or sanc-

tion for the Attorney General's failure to make a decision on a petition within 90 days. *See* 8 U.S.C. § 1186a(c)(3)(A); 8 C.F.R. § 216.4. Furthermore, nothing in the legislative history of the statute indicates a significant concern with restricting the time in which the Attorney General may act. *See* H.R.Rep. No. 99–906, at 6–13 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5978–5985. That provision of the statute is merely mentioned without any additional explanation of its significance to the legislation. *Id.* at 7, 9. Rather, the statute seeks to prevent the use of fraudulent marriages by aliens for the purpose of obtaining permanent resident status and its attendant benefits. *Id.* at 6–7, 9, 11. Consequently, I must conclude that the 90 day deadline for adjudication is merely directory, and the Court lacks jurisdiction over this case.

In order to achieve the goals of the statute, the Attorney General and INS may have to engage in lengthy investigations to determine the validity of a given marriage. Although such a delay may prove frustrating to petitioners (as it clearly has in this case), the Court cannot interfere in that process on the grounds that the process has taken too much time. To do so would thwart the main purpose of the legislation and impose a duty on the defendants which is inappropriate under the Mandamus Act. Accordingly, Mr. Robertson and Ms. Sakyi's complaint is dismissed for lack of subject matter jurisdiction.